FILED
SEP 20 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 29, 2023
Lyle W. Cayce
Clerk

**Certified as a true copy and issued as the mandate on Sep 20, 2023**

**Attest:** Lyle W. Cayce
**Clerk, U.S. Court of Appeals, Fifth Circuit**

---

No. 23-50573

---

SARA HERRERA,

*Plaintiff—Appellant*,

*versus*

SAN ANTONIO POLICE DEPARTMENT; FNU GUZMAN, *Official capacity, Badge 2224, Police Officer, San Antonio Police Department*; FNU VILLANUEVA, *Official capacity, Sergeant, San Antonio Police Department*; RYAN LUZA, *Official capacity, Sergeant, San Antonio Police Department*; JOE FRANK PICAZO, *Official capacity, San Antonio Police Department*; WILLIAM MCMANUS, *Official capacity, Director Chief, San Antonio Police Department*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CV-233-OLG

---

UNPUBLISHED ORDER

Before ELROD, HAYNES, and DOUGLAS, *Circuit Judges*.

PER CURIAM:

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir.

2000). In this civil rights action, Plaintiff filed a *pro se* notice of appeal from the magistrate judge's report and recommendation to dismiss the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B).

"Federal appellate courts have jurisdiction over appeals only from (1) a final decision under 28 U.S.C. § 1291; (2) a decision that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant to FED. R. CIV. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b)." *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993). The report and recommendation of a magistrate judge is not a final order, and it does not fall into any of the other categories that would make it appealable. *See United States v. Cooper*, 135 F.3d 960, 961 (5th Cir. 1998).

Accordingly, the appeal is DISMISSED for want of jurisdiction.